# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 21-5231**

**September Term, 2023**

FILED ON: JUNE 25, 2024

ANTANINA SERAKOVA,
                APPELLANT

v.

JOSEPH R. BIDEN, JR., ET AL.,
                APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-02066)

---

Before: SRINIVASAN, *Chief Judge*, HENDERSON and KATSAS, *Circuit Judges*.

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the district court's order denying a preliminary injunction and temporary restraining order be **AFFIRMED**.

I.

The legal and factual backdrop of this case is set forth in detail in the court's contemporaneously issued opinion in *Goodluck v. Biden*, No. 21-5263, slip op. at 3–5 (June 25, 2024). We provide only a brief summary here.

The Immigration and Nationality Act affords aliens from countries with low rates of immigration to the United States the opportunity to apply for an immigrant visa. 8 U.S.C. § 1153(c). These visas are known as diversity visas. The State Department randomly selects a number of applicants to become "eligible" to receive diversity visas "for the fiscal year involved." *Id.* § 1153(e)(2). Selectees must submit a full written application for a visa, appear for an interview before a consular officer, and demonstrate that they satisfy all admissibility requirements before

the Department will issue a visa.  *See id.* § 1182(a); 22 C.F.R. §§ 40.1(*l*)(2), 42.33(g).

The opportunity to apply for diversity visas is limited.  Selectees "remain eligible to receive such visa[s] only through the end of the specific fiscal year for which they were selected."  8 U.S.C. § 1154(a)(1)(*I*)(ii)(II).  In addition, the number of diversity visas is capped at 55,000 per fiscal year.  *Id.* § 1151(a)(3), (e).

For fiscal-year 2021, the State Department declined to issue diversity visas and deprioritized processing of diversity-visa applications in response to the COVID-19 pandemic.  *Goodluck*, slip op. at 4–5.  Plaintiff Antanina Serakova was eligible for a diversity visa in fiscal-year 2021 but was not selected for an interview.

On July 30, 2021, Serakova filed a petition for a writ of mandamus and a complaint in the district court.  She asked the court to require the State Department to reserve a visa for her past the 2021 fiscal year-end and order the government to prioritize processing of her case.  On September 21, 2021, nine days before the fiscal year-end, Serakova filed an emergency motion for a temporary restraining order and preliminary injunction.  She asked the court to enjoin the government from "ending adjudication" of diversity visas for 2021 selectees on the last day of the fiscal year and to order the government to "reserve a visa number for the Plaintiff for adjudication after September 30[] pending a final decision on the merits in this case."  Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary [I]njunction at 1, *Serakova v. Biden*, No. 21-cv-02066, 2021 WL 5037400 (D.D.C. Sept. 21, 2021), J.A. 12.  The district court denied Serakova's motion.  *Serakova*, 2021 WL 5037400, at *1 (D.D.C. Sept. 24, 2021).  Serakova appeals.

II.

We review the district court's denial of a preliminary injunction for abuse of discretion.  *In re Navy Chaplaincy*, 697 F.3d 1171, 1178 (D.C. Cir. 2012).  And we review de novo any legal conclusions underlying the district court's decision.  *Id*.

The district court did not abuse its discretion by denying Serakova's motion for a temporary restraining order and preliminary injunction because the court lacked equitable discretion to reserve visas and require processing past the end of the fiscal year.  Our opinion in *Goodluck v. Biden* controls.  There, we considered whether a district court has equitable discretion to preserve visa eligibility and reserve visas past the end of the fiscal year for which eligibility was granted.  *Goodluck*, slip op. at 6–17.  We held that a district court lacks that authority.  *Id.* at 9–17.  Because Congress established that a selectee's diversity-visa eligibility runs "only through the end of the specific fiscal year for which they were selected," 8 U.S.C. § 1154(a)(1)(*I*)(ii)(II), the remedy sought by Serakova falls outside of a district court's authority:  district courts are without "equitable power to override an 'explicit cutoff date' established by Congress."  *Goodluck*, slip op. at 10 (quoting *INS v. Pangilinan*, 486 U.S. 875, 884 (1988)).

2

Because Serakova's visa eligibility expired on September 30, 2021, and because the district court lacked equitable discretion to extend that eligibility or reserve a visa past that date, the district court did not abuse its discretion by denying Serakova's emergency motion for a temporary restraining order and preliminary injunction. We thus affirm the district court's judgment.

\*       \*       \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk